UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN D. BRIAN, individually; WILLIAM L. GOODMAM, individually; and DEBODEEP SANJU CHOUDHURY, individually, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., a Delaware corporation; and ROBERT PEARSON, individually, <br><br> Defendants. | Case No.  4:14-cv-139-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it a motion to sever.  The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

**FACTS**

The three plaintiffs all worked at Wal-Mart's Chubbuck store.  They allege that they were either fired or forced to quit due to the conduct of defendant Robert Pearson. Their complaint contains six counts against defendants Wal-Mart and Robert Pearson: (1) Race Discrimination; (2) Hostile Work Environment; (3) Retaliation; (4) Family Medical Leave Act Violation; (5) Wrongful Termination; and (6) Americans With Disabilities Act violation.

The defendants have filed a motion to sever the claims of the three plaintiffs, arguing that this single lawsuit should be divided into three separate lawsuits. The defendants argue that the claims of each plaintiff are sufficiently distinct that the requirements for joinder cannot be satisfied, and that it would be fundamentally unfair to the defense to proceed on all three claims at once. This motion requires an analysis of the claims of each plaintiff.

Plaintiff Brian alleges that Pearson "targeted plaintiff Brian due to his race [Hispanic] and his disabilities." *See Amended Complaint (Dkt. No. 5)* at ¶ 15. Brian alleges that Pearson retaliated against him for taking leave under the Family Medical Leave Act (FMLA) for disabling afflictions caused by Pearson's harassment. Pearson's harassing conduct, Brian alleges, eventually led to Brian being fired.

Plaintiff Goodman likewise claims that Pearson retaliated against him for taking FMLA leave for a disabling illness. Goodman claims he was eventually forced to resign due to his depression and severe anxiety caused by the "ongoing, ever present, and growing hostility he felt from . . . Pearson." *Id.* at ¶ 50.

Plaintiff Choudhury alleges that he was forced to resign due to the hostile work environment created by Pearson who was discriminating against Choudhury "because he was from India." *Id.* at 60. Choudhury also alleges that Pearson retaliated against him for reporting the incidents of racial discrimination.

With these allegations in mind, the Court will now turn to a discussion of the legal standards governing the defendants' motion to sever.

**Memorandum Decision & Order – page 2**

## LEGAL STANDARDS

To join together in one action, plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action.  Fed.R.Civ.P. 20(a);  *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,* 558 F.2d 914, 917 (9th Cir.1977). Generally, this joinder rule is to be construed liberally in order to promote trial convenience and to prevent multiple disputes.  *League to Save Lake Tahoe*, 558 F.2d at 917.  However, even if parties and claims have been properly joined, a court may, in its discretion, sever claims to "comport with principles of fundamental fairness" or avoid prejudice to the parties or jury confusion.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir.2000).

Focusing on the first joinder requirement discussed above – that plaintiffs' claims arise from the same transaction or occurrence (or series of transactions or occurrences) – there is no bright-line definition of "transaction," "occurrence," or "series."  The Ninth Circuit has generally explained that this requirement "refers to similarity in the factual background of a claim."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997).  The Circuit has also suggested that claims arising from "a systematic pattern of events" could satisfy the same-transaction-or-occurrence requirement.  *Id.*  (quoting the district court opinion).

In *Doe I v. Boy Scouts of America,* 2014 WL 345641 (D. Id. 2014), a decision issued by this Court, sixteen plaintiffs sued the Boy Scouts and their sponsoring

organizations claiming to have been sexually abused by Scout leaders. Four of the plaintiffs alleged that as members of a Scout troop sponsored by the LDS Church, they were abused by the same Scout leader on the same night. The other twelve alleged separate incidents of abuse at different times and as members of different troops. Despite these differences, there were enough similarities to persuade the Court to hold that the two requirements for permissive joinder had been met. The first requirement was met because the plaintiffs' claims all arose out of the same series of transactions, *i.e.,* the alleged sexual abuse by Scout leaders with the actual or constructive knowledge of the sponsoring organization. *Id.* at *4. And the second requirement – the common question of fact or law – was satisfied by the allegation from all sixteen plaintiffs that the sponsoring organization knew about the abuse. *Id.* at *5.

After finding these requirements satisfied, the Court turned to the issue whether joinder would nevertheless result in a fundamental unfairness. The Court found that although there would be no unfairness in joining all sixteen plaintiffs for pretrial proceedings, it would be unfair to the LDS Church defendant to proceed to trial with all sixteen plaintiffs. *Id.* at *5-6. Some of those sixteen plaintiffs had not even sued the LDS Church, and some were members of troops sponsored by different organizations. *Id.* It was asking too much of any juror to "partition" those claims and not let them taint their judgment as to the LDS Church. Accordingly, the Court only joined the sixteen plaintiffs for pretrial purposes, and joined for trial only the four plaintiffs allegedly abused together on a single night. *Id.*

**Memorandum Decision & Order – page 4**

# ANALYSIS

Applying these standards to the present case, the claims of the three plaintiffs relate to the same series of transactions and share a common question of law or fact.  All three plaintiffs allege that they worked in Wal-Mart's Chubbuck store and were either fired or forced to quit due to the conduct of defendant Robert Pearson.  In Counts II and III of the Amended Complaint all three plaintiffs allege that defendant Robert Pearson created a hostile work environment in the Chubbuck store, and retaliated against them for engaging in protected activity.  *See Amended Complaint, Counts II & III (Dkt. No. 5).*  These common allegations are sufficient for joinder under *Doe's* analysis even though Pearson subjected each plaintiff to different acts of harassment.  Wal-Mart disputes the allegations about Pearson's conduct, but the Court cannot resolve questions of fact at this early stage of the litigation.

While there is no question that these claims must be joined for pretrial proceedings, the more difficult question is whether they should be joined for trial.  In *Doe,* the prejudice to the defendant of joining all sixteen claims for trial was so clear that the Court granted severance.  Here, the issue is not so clear.  The facts are in dispute, and the Court cannot make a definitive determination now that a trial on all claims would unfairly prejudice Wal-Mart.  Accordingly, the Court will deny the motion to sever at this time without prejudice to Wal-Mart's right to raise the motion again after discovery is complete, seeking to sever the claims for trial purposes.

# ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to sever (docket no. 23) is DENIED without prejudice to defendants' right to re-file the motion at the close of discovery.

DATED: July 30, 2015

B. Lynn Winmill
Chief Judge
United States District Court